UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JAMES TRABER,

    Plaintiff,

v.

CARNIVAL CORPORATION and
LOUIE THEMIS (*Carnival Magic passenger*),

    Defendants,
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendants and alleges:

**PRELIMINARY ALLEGATIONS**

1.    Plaintiff, JAMES TRABER, is a citizen of the state of Texas.

2.    Defendant CARNIVAL CORPORATION (hereinafter "Carnival") is a Panamanian corporation with its principal place of business in Florida.

3.    The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the event diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4.    Defendant, Carnival, at all times material hereto, personally or through an agent:

    a.    Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or country;

    b.    Was engaged in substantial activity within this state;

    c.    Operated vessels in the waters of this state;

    d.    Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.    The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f.    The Defendant, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Carnival Magic*.

5.    At all times material, Defendant Carnival is subject to the jurisdiction of the Courts of this state.

6.    At all times material, Defendant LOUIE THEMIS is a party to a passenger ticket contract for the subject cruise aboard the vessel, *Magic*, and pursuant to the terms and conditions of the ticket contract, has subjected himself to the jurisdiction of this Court.

7.    At all times material, the causes of action asserted in this Complaint arise under the General Maritime Laws of the United States.

8.    At all times material, Defendant Carnival owned, operated, managed, maintained and/or controlled the vessel *Carnival Magic*.

9.    At all times material, Defendant Louie Themis was an individual aboard the vessel, *Carnival Magic*, who assaulted and/or battered and/or negligently injured the Plaintiff James Traber.

10.    On or about July 22, 2012, Plaintiff James Traber was a paying passenger on the vessel *Carnival Magic*, which was in navigable waters.

11.    On or about July 22, 2012, Plaintiff James Traber and his wife were at the vessel's Club Vibe, wherein there was inadequate or no security presence (i.e. security guards and/or

surveillance), when a clearly and visibly intoxicated passenger, Defendant Louie Themis, assaulted James Traber with a dangerous weapon (i.e., knife).

12. On or about July 22, 2012, while at the vessel's Club Vibe, Plaintiff James Traber was assaulted with a dangerous weapon (i.e. knife) by Defendant/passenger Louie Themis.

13. On September 5, 2012, a federal grand jury indicted Louie Themis on one count of Assault within Maritime and Territorial Jurisdiction. *See* Grand Jury Indictment Docket Entry 1, *United States of America v. Louie Themis*, Case No. 4:12-cr-00544. The indictment reads as follows:

> On or about July 22, 2012, in the Houston Division of the Southern District of Texas, and elsewhere,
>
> Louie Themis,
>
> defendant herein, at a place within the special maritime and territorial jurisdiction of the United States, namely the Carnival Cruise Lines vessel Carnival Magic sailing in international waters, did assault James Traber, with a dangerous weapon, to wit a knife, with intent to do bodily harm, and without just cause or excuse.

14. As a result of Defendants negligence, Plaintiff James Traber suffered serious bodily and mental harm.

### COUNT I – NEGLIGENCE
### AGAINST DEFENDANT CARNIVAL

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fourteen (14) as though alleged originally herein.

15. It was the duty of Carnival to provide Plaintiff James Traber with reasonable care under the circumstances.

16. On or about July 22, 2012, Carnival and/or its agents, servants, and/or employees breached its duty to provide Plaintiff James Traber with reasonable care under the circumstances.

3

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

17. On or about the above stated date, Plaintiff James Traber was injured due to the fault and/or negligence of Carnival and/or its agents, servants, joint ventures and/or employees as follows:

    a. Failing to provide reasonably safe conditions for the Plaintiff James Traber during his voyage aboard the *Carnival Magic*. The unsafe conditions included but are not limited to (1) permitting passengers to become extremely intoxicated by over-serving them alcohol for profit; and/or (2) failing to control passengers who were clearly and visibly intoxicated, and out of control so as to be dangerous to others; and/or (3) failing to prevent assault and batteries on other passengers; and/or (4) failing to have adequate security personnel onboard its vessel and/or adequate security policies and procedures; and/or

    b. Failed to disclose to the Plaintiff James Traber and other passengers prior problems associated with passengers becoming extremely intoxicated, such as Defendant Louie Themis, due to over-serving of alcohol on the vessel; and/or

    c. Failed to promulgate and/or enforce procedures to prevent passengers from becoming extremely intoxicated; and/or

    d. Failed to protect passengers from assaults and/or batteries from other passengers; and/or

    e. Failed to maintain and monitor security cameras on the vessel, particularly the ship's Club Vibe, so as to be able to identify potential dangerous situations or incidents; and/or

f. Failed to provide adequate training and supervision for their crew members/ employees in regard to preventing crew members from over-serving alcohol to passengers who are already unreasonably intoxicated; and/or

g. Failed to adequately monitor unreasonably intoxicated passengers so as to keep them from assaulting other passengers; and/or

h. Continuing to serve alcohol to intoxicated passengers including, but not limited to Defendant Louie Themis; and/or

i. Failing to promulgate and/or enforce rules to prevent the service of alcohol to unreasonably intoxicated passengers by use of a system of tips to compensate bartenders and bar servers as their main source of income; and/or

j. Failing to restrict unreasonably intoxicated passengers from the ship's common areas, particularly the ship's Club Vibe, to avoid injuries and/or violence to other passengers, such as Plaintiff James Traber; and/or

k. Failing to provide adequate security to prevent and/or timely intervene in altercations or disputes among passengers aboard the ship; and/or

l. Failure to provide adequate security procedures aboard the vessel so as to ensure that unreasonably intoxicated and/or violent passengers will not assault and batter other passengers; and/or

m. Failure to provide adequate security procedures aboard the vessel so as to ensure that passengers do not bring onto the vessel and/or possess aboard the vessel a dangerous weapon; and/or

n. Failure to respond to the altercation between passengers in a timely manner; and/or

o. Failure to prevent Plaintiff from being assaulted and/or battered by an unreasonably intoxicated and/or violent passenger; and/or

p. Failure to adequately monitor ship's common areas so as to timely identify and respond to passenger assaults and/or batteries; and/or

q. Failure to have proper procedures in place to prevent passenger assaults and/or batteries; and/or

r. Failure to have proper procedures in place to prevent passengers from possessing dangerous weapons aboard the vessel; and/or

s. Serving excessive amounts of alcohol to passengers, particularly Defendant Louie Themis; and/or

t. Allowing passengers to become dangerously intoxicated; and/or

u. Allowing passengers to be in possession of a dangerous weapon aboard the vessel and/or allowing passengers, while being unreasonably intoxicated, to be in possession of a dangerous weapon aboard the vessel; and/or

v. Failing to identify the dangers of serving excessive amounts of alcohol to passengers; and/or

w. Failing to identify the dangers of allowing intoxicated passengers to roam the vessel; and/or

x. Failing to supervise unreasonably intoxicated passengers aboard the vessel; and/or

y. Failing to have an adequate number of security personnel aboard the vessel *Carnival Magic* so as to prevent passenger assaults and/or batteries; and/or

z. Failing to have an adequate number of security personnel aboard the vessel so as to look for passengers in possession of dangerous weapons and/or prevent passengers from possessing dangerous weapons aboard the vessel; and/or

aa. Failing to adequately train ship's crew to help prevent passenger assaults and/or batteries; and/or

bb. Failing to adequately train ship's security to help prevent passenger assaults and batteries and/or

cc. Failing to warn Plaintiff of dangers of other passengers aboard the vessel; and/or

dd. Failing to warn Plaintiff of lack of security in common areas aboard the vessel, particularly the ship's Club Vibe; and/or

ee. Creating a dangerous situation aboard the vessel by serving excessive amounts of alcohol to passengers, such as Defendant Louie Themis; and/or

ff. Failing to properly gather and maintain evidence after the Plaintiff James Traber was assaulted or battered.

All of the above caused the Plaintiff James Traber to be severely injured and/or which caused his injuries to be aggravated and/or made worse.

18. At all times material, Carnival had exclusive custody and control of the vessel *Carnival Magic*.

19. At all times material, Carnival violated the International Safety Management Code's goals and intent and failed to have properly, adequately and safely implement the International Safety Management Code and by extension its own SQM Manual.

20. At all times material, Carnival failed to have an adequate Safety Management System Manual aboard the vessel *Carnival Magic*, and/or failed to properly implement the Safety Management System Manual aboard the vessel *Carnival Magic*.

21. Carnival knew of the foregoing conditions causing Plaintiff James Traber to be assaulted and battered and did not correct them, or the conditions existed for a sufficient length of time so that Carnival, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

22. As a result of the negligence of Carnival, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries, including psychiatric and life care. The Plaintiff also lost earnings and lost earning capacity both past and future as well as losing the benefit of Plaintiff's entire vacation, cruise and transportation costs. Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairment into the future.

**WHEREFORE,** the Plaintiff demands judgment for all damages recoverable under the law against Carnival and demands trial by jury.

**COUNT II – NEGLIGENCE AGAINST DEFENDANT LOUIE THEMIS**

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fourteen (14) as though alleged originally herein.

23. It was the duty of Defendant LOUIE THEMIS to act with reasonable care as it pertained to the Plaintiff James Traber.

24. On or about July 22, 2013, Defendant LOUIE THEMIS breached his duty to act with reasonable care as it pertained to the Plaintiff James Traber.

25. On or about the above date, Plaintiff James Traber was injured due to the fault and negligence of Defendant LOUIE THEMIS as follows:

   a. Shoving the Plaintiff James Traber; and/or

   b. Assaulting and battering the Plaintiff James Traber; and/or

   c. Consuming alcohol after being intoxicated; and/or

   d. Failing to use reasonable force under the circumstances; and/or

   e. Failing to retreat when the opportunity was available; and/or

   f. Failing to call security if and when it was necessary; and/or

   g. Failing to render assistance or call for help after he assaulted and battered the Plaintiff James Traber.

26. As a direct and proximate result of the negligence of Defendant LOUIE THEMIS, the Plaintiff was severely injured.

27. As a result of the negligence of Defendant LOUIE THEMIS, the Plaintiff James Traber was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing

conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries including psychiatric and life care. The Plaintiff also lost earnings and lost earning capacity both past and future as well as losing the benefit of Plaintiff's entire vacation, cruise and transportation costs. Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairment into the future.

**WHEREFORE**, the Plaintiff James Traber demands judgment for all damages recoverable under the law against the Defendants and demands a jury trial of all issues so triable.

### COUNT III – INTENTIONAL TORT OF ASSAULT AND BATTERY AGAINST DEFENDANT LOUIE THEMIS

Plaintiff re-alleges, adopts, incorporates by reference the allegations in paragraphs one (1) through fourteen (14) as though alleged originally herein.

28. On or about July 22, 2012, the Plaintiff James Traber was assaulted and battered by Defendant LOUIE THEMIS.

29. As a direct and proximate result of the assault and battery of the Plaintiff James Traber by Defendant LOUIE THEMIS, the Plaintiff James Traber was severely injured.

30. As a result of the intentional tort of assault and battery by Defendant LOUIE THEMIS, the Plaintiff James Traber was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries including psychiatric and life care. The Plaintiff also lost earnings and lost earning capacity both past and future as well as losing the benefit of Plaintiff's entire vacation, cruise and transportation costs. Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairment into the future.

**WHEREFORE**, the Plaintiff James Traber demands judgment for all damages recoverable under the law against the Defendants and demands jury trial of all issues so triable.

**Date: April 30, 2013.**

*Respectfully submitted,*

LIPCON, MARGULIES, ALSINA
& WINKLEMAN, P.A.
Attorneys for Plaintiff
One Biscayne Tower, Suite 1776
Miami, Florida 33131
Telephone: (305) 373 – 3016
Facsimile:  (305) 373 – 6204
E-mail: dvillarreal@lipcon.com

By: s/*David A. Villarreal*
    **David A. Villarreal**
    Florida Bar No. 100069
    **Michael A. Winkleman**
    Florida Bar No. 36719